IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Emerald Johnson,     :
    Petitioner   :
          :
  v.       : No. 640 C.D. 2017
          : SUBMITTED:  September 8, 2017
Workers' Compensation Appeal  :
Board (Philadelphia Coca-Cola),  :
    Respondent  :

BEFORE: HONORABLE P. KEVIN BROBSON, Judge
     HONORABLE MICHAEL H. WOJCIK, Judge
     HONORABLE J. WESLEY OLER, JR., Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
SENIOR JUDGE OLER, JR.    FILED:  October 13, 2017

    Emerald Johnson (Claimant), *pro se*, petitions for review of the March 30, 2017 order of the Workers' Compensation Appeal Board (WCAB), which affirmed the decision of a Workers' Compensation Judge (WCJ) that granted Philadelphia Coca-Cola Company's (Employer) termination petition and denied Claimant's review petition.  We affirm.

    On September 16, 2013, Claimant was injured in the course and scope of his employment with Employer when his foot was caught between a pole and a transport device known as a walkie-rider.  Employer accepted the injury as a right foot sprain in a Notice of Temporary Compensation Payable (NTCP), which later

converted to a Notice of Compensation Payable (NCP). (WCJ's Findings of Fact, Nos. 1, and 2.a - b; NTCP, at 1.)

On April 9, 2015, Employer filed both a suspension and termination petition, alleging that Claimant had fully recovered from his work-related injury as of February 11, 2015, and that Employer had offered Claimant a specific job. Claimant denied the material allegations and, on April 17, 2015, filed a review petition, seeking to amend the NCP's work-injury description to include a right foot crush injury, right-sided tarsal tunnel, neuritis in the right foot posterior tibial nerve, and complex regional pain syndrome (CRPS) in the right foot.[1] Employer denied Claimant's allegations. (WCJ's Decision, at 1.)

A hearing was held before the WCJ at which Claimant presented his deposition testimony and then further testified that he was crushed between a pole and walkie-rider and his right foot was pinned. Claimant stated that he treats with Dr. James J. Zaccaria, D.P.M. (Dr. Zaccaria) and Dr. Evan D. Frank, M.D. (Dr. Frank), a pain specialist. Claimant testified that he continues to have pain, numbness, burning, and cold in his foot. Claimant stated that he takes pain medications and receives injections due to the work injury. Claimant does not wear any orthotics; he wears regular socks and lace-up shoes, but sometimes uses a crutch for support, according to his testimony. Claimant has not worked since the accident, nor has he looked for work. Claimant feels he is not capable of working. Claimant admitted that Dr. Zaccaria released him to return to work on October 1, 2015. However, Claimant testified that he had severe pain and spasms at that time and by

---

[1] CRPS is also known as RSD, reflex sympathetic dystrophy.

2

October 6, 2015, Dr. Zaccaria again found him totally disabled and unable to return to work. (WCJ's Findings of Fact, Nos. 2.a - b, d, f, h – k, and 3.b – e.)

Claimant also submitted the deposition testimony of Dr. Zaccaria, a board certified podiatric surgeon. Dr. Zaccaria began seeing Claimant on October 7, 2013, and initially diagnosed him with "posterior tibial tendon pain; essentially bruising/possible stress fracture in the midfoot, contusion, and some neuritic pain." Dr. Zaccaria testified that Claimant's electromyogram (EMG) study was normal, and the bone scan showed more reactive changes on the left side, possibly due to compensating. Dr. Zaccaria referred Claimant to Dr. Frank for pain management. (*Id.*, No. 5.a – d.)

Dr. Zaccaria's diagnosis has changed over the last two years.[2] Ultimately, at the deposition, Dr. Zaccaria diagnosed Claimant with only CRPS. However, Dr. Zaccaria conceded that CRPS was listed only once in his records and only as a possible diagnosis. Dr. Zaccaria agreed that Claimant's right foot x-ray was normal, and that magnetic resonance imaging (MRI) did not show any fractures or misalignments, only multiple osseous contusions. Claimant's EMG was normal and the bone scan showed no signs of CRPS. Dr. Zaccaria further agreed that, depending on the day, a patient with CRPS might not be able to wear socks or shoes.

---

[2] On October 7, 2013, Dr. Zaccaria's diagnosis was posterior tibial tendinitis and capsulitis/bursitis. On October 12, 2013, his diagnosis changed to fracture cuboid right foot and contusion. On November 4, 2013, Dr. Zaccaria diagnosed Claimant with bony contusion/stress reaction/fracture of the right midfoot. On November 25, 2013, the diagnosis changed to status post torsional injury to the right ankle and posterior tibial tendinitis. On December 9, 2013, Dr. Zaccaria changed the diagnosis to neuritis of the right tarsal tunnel and posterior tibial tendinitis. On December 27, 2013, it changed to possible tarsal tunnel status post trauma and status post bony contusion to the midfoot. (WCJ's Findings of Fact, No. 5.l.)

Dr. Zaccaria testified that he released Claimant to return to work without restrictions, and that, subsequently, Claimant had a flare-up. Dr. Zaccaria testified that Claimant is not cleared to return to work. (WCJ's Findings of Fact, No. 5.d – p; WCAB's Decision, at 4.)

Employer submitted the deposition testimony of Dr. Richard I. Katz, M.D., who is board-certified in neurology. Dr. Katz examined Claimant on February 11, 2015, determining that Claimant's only abnormalities were two areas of pigmentation at injection sites, one on the right foot and one behind the right ankle. Dr. Katz determined that there were no other positive objective findings. Dr. Katz determined that the x-ray was normal; that the MRI showed no fractures or misalignments; that the bone scan was not consistent with CRPS; and that Claimant had no sign of CRPS in his right foot.[3] Dr. Katz opined that Claimant had fully recovered from the right foot sprain. (WCJ's Findings of Fact, No. 4.a–e, g-h.)

The WCJ found Dr. Katz credible and found Claimant and Dr. Zaccaria not credible or persuasive where their testimony differed from that of Dr. Katz. (*Id.*, Nos. 7-9.) The WCJ determined that Claimant failed to meet his burden of proving that the work injury description should be expanded and, thus, denied Claimant's review petition. The WCJ also determined that Employer met its burden of proving that Claimant had fully recovered from his work-related injury and was capable of returning to work without restrictions and, therefore, granted Employer's

---

[3] Dr. Katz testified that an individual with CRPS would not likely be able to wear a sock and lace-up shoes on the affected foot. (WCJ's Findings of Fact, No. 4.j.)

termination petition. Claimant appealed to the WCAB. On March 30, 2017, the WCAB affirmed, and Claimant now petitions this Court for review.[4]

Claimant argues that the WCJ erred in granting Employer's termination petition. Specifically, Claimant argues that the WCJ erred in determining that he was fully recovered from the work-related injury based upon the testimony of Dr. Katz. We disagree.

The employer bears the burden of proof in a termination proceeding. *Udvari v. Workmen's Compensation Appeal Board (USAir, Inc.)*, 705 A.2d 1290, 1291 (Pa. 1997).

> In a case where the claimant complains of continued pain, this burden is met when an employer's medical expert unequivocally testifies that it is his opinion, within a reasonable degree of medical certainty, that the claimant is fully recovered, can return to work without restrictions and that there are no objective medical findings which either substantiate the claims of pain or connect them to the work injury.

*Id.* at 1293.

Here, Dr. Katz testified that Claimant was fully recovered from his work-related injury and could return to work without restriction. Further, Dr. Katz testified that there were no objective medical findings to substantiate Claimant's

---

[4] Our review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

assertion of pain or CRPS.  The WCJ is the ultimate factfinder and determines the weight and credibility of evidence.  *Lombardo v. Workers' Compensation Appeal Board (Topps Company, Inc.)*, 698 A.2d 1378, 1381 (Pa. Cmwlth. 1997).  "As such, the WCJ is free to accept or reject the testimony of any witness, including medical witnesses, in whole or in part." *Id.*  Here, the WCJ specifically found Dr. Katz more credible and persuasive than Dr. Zaccaria and listed the reasons supporting this determination.  (*See* WCJ's Findings of Fact, Nos. 8-9.)  The WCJ did not err in determining that Claimant was fully recovered from the work-related injury.

Next, Claimant asserts that the WCJ's determination was arbitrary and capricious because Dr. Katz's testimony was not supported by the evidence and, therefore, was not credible.  We disagree.

Claimant asserts that Dr. Katz's testimony was not credible because he had a crush injury and has continued pain.  Essentially, Claimant argues that he and Dr. Zaccaria were more credible and that the WCJ erred in finding otherwise.  However, as stated previously, the WCJ determines credibility and we generally will not disturb such determinations on appeal. *See O'Rourke v. Workers' Compensation Appeal Board (Gartland)*, 83 A.3d 1125, 1132 (Pa. Cmwlth. 2014).  Through Dr. Katz's credited testimony, the WCJ determined that Claimant's work-related injury had healed and that there were no objective signs of CRPS.  A review of the record indicates that Dr. Katz's testimony was supported by the evidence.  The WCJ issued a well-reasoned, thoughtful decision, making findings of fact and credibility determinations, and setting forth detailed reasoning for each determination.  Thus,

6

the WCJ appropriately determined, based upon Dr. Katz's credible testimony, that Employer met its burden in the termination petition.

For these reasons, we affirm.

_____
J. WESLEY OLER, JR., Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Emerald Johnson, : 
          Petitioner : 
           : 
        v. : No. 640 C.D. 2017
           : 
Workers' Compensation Appeal : 
Board (Philadelphia Coca-Cola), : 
          Respondent : 

## O R D E R

AND NOW, this 13th day of October, 2017, the order of the Workers'

Compensation Appeal Board in the above-captioned matter is affirmed.


_____

J. WESLEY OLER, JR., Senior Judge